# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                             Criminal Case No. 15-20034-01-JWL
                                                   Civil Case No. 18-2683-JWL

**Matthew Williams,**

        **Defendant.**

## MEMORANDUM AND ORDER

In August 2015, a jury convicted defendant Matthew Williams of bank fraud in violation of 18 U.S.C. § 1344(1) and aggravated identity theft in violation of 18 U.S.C. § 1028A. He was sentenced to a total term of 27 months imprisonment and a two-year term of supervised release. On appeal, the Circuit affirmed the convictions.

This matter is now before the court on defendant's motion to vacate under 28 U.S.C. § 2255 (doc. 77) and his motion to appoint counsel (doc. 78). In response to defendant's 2255 petition, the government contends that the court lacks jurisdiction to resolve it because defendant was not in custody at the time he filed it. *See Carafas v. LaVallee*, 391 U.S. 234, 238, (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). The government seeks additional time to respond to the merits of defendant's § 2255 petition should the court reject its jurisdictional argument.

Defendant highlights that he was on supervised release at the time he filed his § 2255 petition and that this satisfies the "in custody" requirement of § 2255. *See LaLiberte v. United States Probation*, 650 Fed. Appx. 625, 625 n.1 (10th Cir. May 26, 2016) (citing *United States v.*

*Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (defendant who was on supervised release remained "in custody" and eligible to file § 2255 petition)). The government does not dispute that defendant was on supervised release when he filed his petition. The court, then, has jurisdiction over defendant's § 2255 petition and will address the merits of that motion once it is fully briefed. Accordingly, the government shall file any response to the merits of that motion no later than Friday, March 20, 2020 and defendant may file any reply to that response no later than Friday, April 17, 2020.

Defendant also asks the court to appoint him an attorney to assist with his § 2255 petition. That motion is denied. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, Mr. Williams's submissions demonstrate that he is able to effectively articulate his arguments and claims. Nonetheless, once the court turns to the merits of defendant's petition, it will consider a request for the appointment of counsel if the petition reflects that defendant may be entitled to relief.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to appoint counsel (doc. 78) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's motion to vacate under 28 U.S.C. § 2255 (doc. 77) **remains under advisement**. The government shall file any

---

[1] In his motion to appoint counsel, defendant also asks for an extension of time to file his § 2255 petition. That request is moot in light of the fact that defendant filed his petition the same day.

response to the merits of that motion no later than **Friday, March 20, 2020** and defendant may file any reply to that response no later than **Friday, April 17, 2020**.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2020, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge