# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**
                                      **Case No. 15-20034-01-JWL**
                                                  **18-2683-JWL**

**Matthew Williams,**

      **Defendant.**

## MEMORANDUM AND ORDER

In August 2015, a jury convicted defendant Matthew Williams of bank fraud in violation of 18 U.S.C. § 1344(1) and aggravated identity theft in violation of 18 U.S.C. § 1028A. He was sentenced to a total term of 27 months imprisonment and a two-year term of supervised release. On appeal, the Circuit affirmed the convictions. This matter is now before the court on defendant's pro se motion to vacate under 28 U.S.C. § 2255 (doc. 77). As will be explained, the motion is denied.

Before turning to the merits of Mr. Williams' motion, the court addresses one procedural issue. In its initial response to Mr. Williams' motion, the government argued that the court lacked jurisdiction to resolve the motion because Mr. Williams was no longer in custody at the time he filed it. *See Carafas v. LaVallee*, 391 U.S. 234, 238, (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). The government sought additional time to respond to the merits of Mr. Williams' motion if the court rejected its jurisdictional argument. The court determined that it did have jurisdiction over the motion because Mr. Williams was on supervised release when he filed it, *see LaLiberte v.*

*United States Probation*, 650 Fed. Appx. 625, 625 n.1 (10th Cir. May 26, 2016) (citing *United States v. Cervini*, 379 F.3d 987, 989 n.1 (10th Cir. 2004) (defendant who was on supervised release remained "in custody" and eligible to file § 2255 petition)), and directed the government to file a response to the merits of the motion by Friday, March 20, 2020.  The government failed to file a response to the motion by that date.  The court then entered an order requiring the government to show good cause in writing to the court, on or before Wednesday, April 15, 2020, why it failed to respond to defendant's petition in a timely fashion and requiring the government to file any response to the merits of Mr. Williams' motion by that date.

The government filed a timely response to the court's order in which it asserts that counsel did not properly calendar the response deadline and missed the deadline due to oversight.  The court doubts whether the government has established good cause for its failure to file a timely response to Mr. Williams' motion.  *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (simple inadvertence or mistake of counsel usually does not suffice to establish good cause).  Nonetheless, because the government's delay was not significant, Mr. Williams is not entitled to relief based on that delay—he is entitled to relief only if there is evidence to establish his claims.  *See Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988) (default judgment may be appropriate in habeas case only where the delay itself rises to the level of a due process violation).  As explained below, because Mr. Williams' motion and the files and records of the case conclusively show that he is entitled to no relief, the court denies the motion, denies the request for an evidentiary hearing and denies a certificate of appealability.  *See* 28 U.S.C. § 2255(b).[1]

---

[1] In any event, the court, in denying Mr. Williams' motion, has not relied on any grounds set forth in the government's response to that motion, so the fact that the court has permitted the late filing

The court turns, then, to the merits of Mr. Williams' motion.  In his first claim for relief, Mr. Williams asserts that the prosecutor "emphasized negative profiling" in closing argument and that those "statements should not have been made."  To the extent Mr. Williams means to assert a claim for prosecutorial misconduct, it is procedurally barred because he did not raise it on appeal. *See United States v. Creighton*, 786 Fed. Appx. 743, 751-52 (10th Cir. 2019) (prosecutorial misconduct claims presented in § 2255 motion were procedurally barred when they could have been raised in direct appeal but were not); *see also United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) (if government does not raise procedural bar, district court can raise it on its own if doing so furthers the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice). Mr. Williams has failed to demonstrate why the procedural bar should not apply—either because there was good cause for failing to raise this issue, and that the failure to consider the issue will result in actual prejudice, or because the bar will work a fundamental miscarriage of justice. *See United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004).

To the extent Mr. Williams' motion can be construed to assert that his counsel was ineffective for failing to raise the issue on appeal, counsel's failure to raise that claim was not objectively unreasonable because the claim clearly lacks merit in any event. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (to show ineffective assistance of appellate counsel, a petitioner must show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—

---

of the response has not prejudiced Mr. Williams in any way.  The court also notes that Mr. Williams has not filed a reply to the response and the time for doing so has passed.  But again, any reply to the response would be irrelevant in light of the fact that the court did not utilize the government's response in resolving the motion.

that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them"). The court has reviewed the government's closing argument and perceives nothing objectionable therein. Thus, even if the court construed Mr. Williams' first claim for relief as asserting a claim that his trial counsel was ineffective for failing to object to some portion of the government's closing argument at trial, the court would reject that claim.

In his second claim for relief, Mr. Williams contends that the jury instructions in this case erroneously permitted the jury to convict him of bank fraud based on an "attempt" to defraud even though the indictment in the case did not charge him with attempt to defraud. Because Mr. Williams could have but did not raise this argument on direct appeal, it is procedurally barred. *See United States v. McIntosh*, 676 Fed. Appx. 793-94 (10th Cir. 2017) (arguments concerning jury instructions presented in § 2255 motion were procedurally barred when they were not raised on appeal); *see also Allen*, 16 F.3d at 378-79 (if government does not raise procedural bar, district court can raise it on its own it if doing so furthers the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice). Mr. Williams, as before, has failed to demonstrate why the procedural bar should not apply—either because there was good cause for failing to raise this issue, and that the failure to consider the issue will result in actual prejudice, or because the bar will work a fundamental miscarriage of justice. *See Cervini*, 379 F.3d at 991.

To the extent Mr. Williams means to suggest that his counsel was ineffective for failing to raise the issue on appeal, counsel's failure to raise that claim was not objectively unreasonable because the claim clearly lacks merit. *See Smith*, 528 U.S. at 285 (to show ineffective assistance of appellate counsel, a petitioner must show that his counsel was objectively unreasonable in

4

failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them"). As the Circuit noted generally in the direct appeal of this case, the "broad" bank fraud statute considers even "attempts to execute" as bank fraud. *See Williams*, 865 F.3d at 1309 (citing 18 U.S.C. § 1344). For these same reasons, even if the court construed Mr. Williams' second claim for relief as asserting a claim that his trial counsel was ineffective for failing to object to this jury instruction at trial, the court would reject that claim.

In his third and final claim for relief, Mr. Williams contends that the government did not satisfy its evidentiary burden with respect to materiality and failed to prove beyond a reasonable doubt that his misrepresentations were material or imposed a risk of loss on the bank. In connection with Mr. Williams' direct appeal, the Tenth Circuit examined this argument at length and held that, from the evidence at trial, a rational jury could find that Mr. Williams' misrepresentations were material beyond a reasonable doubt and could find a potential risk of loss beyond a reasonable doubt. *See United States v. Williams*, 865 F.3d 1302 (10th Cir. 2017). Under the law of the case doctrine, the court cannot consider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal. *United States v. Trent*, 884 F.3d 985, 994-95 (10th Cir. 2018). While there are narrow exceptions to that doctrine, none are present here. *See id*. (exceptions include when the evidence in a subsequent trial is substantially different; when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or when the decision was clearly erroneous and would work a manifest injustice). Thus, the law of the case precludes this court from addressing the substantive merits of Mr. Williams' third claim for relief.

Finally, the court considers whether to issue a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Mr. Williams cannot satisfy this standard, the court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to vacate under 28 U.S.C. § 2255 (doc. 77) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Dated this 21st day of May, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge